## HYDE et al. v. STATE BOARD OF EQUALIZATION.

No. 32320. Oct. 2, 1945.

*162 P. 2d 175.*

---

Hadwiger & Hadwiger, of Alva, for plaintiffs in error.

Randell S. Cobb, Atty. Gen., for defendant in error.

ARNOLD, J. This is an appeal by C. H. Hyde, Dewey Cummins, Elbert Piper, and Parr Easterly, who style themselves as aggrieved taxpayers of Woods county, Okla., in behalf of all other aggrieved taxpayers of Woods county who are similarly situated, from an order of the State Board of Equalization after the entry of a blanket raise on the property in Woods county.

The Attorney General has moved to dismiss the appeal on the ground that under 68 O. S. 1941 § 15.45 only the county attorney under the direction of the board of county commissioners has the right to prosecute the appeal against the general blanket order, and that the above-named appellants and those purporting to be likewise interested are not authorized to appeal from a blanket raise made by the State Board of Equalization.

By their response to the motion to dismiss plaintiffs in error insist that by virtue of the provisions of 68 O.S. 1941 §15.46 and the provisions of 12 O.S. 1941 § 233, they have a right to maintain this appeal, and in support of their contentions they cite and rely upon the case of State ex rel. Tharel v. Board of County Commissioners of Creek County, 188 Okla. 184, 107 P. 2d 542.

Section 15.45, Id., reads:

"In any case where the State Board of Equalization in the equalization of property locally assessed, shall increase the valuation of the property, or any class thereof, in any county, the Board shall notify, by mail, the Board of County Commissioners of said county, giving the amount of such valuation as increased. Either the County Attorney, acting under the direction of the Board of County Commissioners and for the entire taxpaying public of the county, or any taxpayer who might feel aggrieved at the change in the equalized value of his property, shall have ten days from date of such notice to the County Commissioners, in which to file with the Secretary of said Board a written complaint specifying his grievances and the pertinent facts in relation thereto in ordinary and concise language and without repetition, and in such manner as to enable a person of common understanding to know what is intended.

"Upon receipt of said complaint the Board shall fix a date of hearing when said Board shall be authorized and empowered to take evidence pertinent to said complaint; and for that purpose, is authorized to compel the attendance of witnesses and the production of books, records and papers by subpoena, and to confirm, correct or adjust the valuation, as may seem just."

Section 15.46, Id., reads:

"Any County Attorney or aggrieved taxpayer who shall within the time and manner provided by law file a written complaint before the State Board of Equalization and shall introduce evidence pertinent to such complaint, shall have the right to appeal from the findings of the Board, and, for this purpose, the Secretary of said Board shall cause such evidence to be taken and preserved, and shall cause such complaint and evidence, with a full transcript of the orders of the Board thereon, to be transcribed and shall certify to the same.

"Such transcript shall be filed by such County Attorney, or aggrieved person, in the Supreme Court, within ten days from the adjournment of said Board, which shall complete the appeal allowed by law. Such transcript shall, in due course, be examined and reviewed by said Court, and affirmed, modified or annulled as justice may demand; provided, that in order to perfect such appeal, the appellant shall file notice thereof, with the Secretary of the State Board of Equalization, within ten days after the adjournment of said Board."

It will be observed that by the provisions of section 15.45 the county attorney, acting under the direction of the board of county commissioners and for the entire tax-paying public of the county, may file a protest with the State Board of Equalization against any blanket increase ordered, and further provides "or any taxpayer who might feel aggrieved at the change in the equalized value in his property may file such a protest." There is nothing in the language of this section which authorizes a class action or proceeding such as plaintiffs in error insist is contemplated by section 233, Id., and after the proceeding before the State Board

of Equalization, pursuant to the protest, the right of appeal from the action of the board in denying the protest is given to "any County Attorney or aggrieved taxpayer."

12 O.S. 1941 § 233 applies only to actions as defined by the statute. This is not an action but a special proceeding provided for and defined in sections 15.45 and 15.46 above, and therefore the provisions of section 233, and the decisions of this court based thereon, have no application to this special proceeding, the appeal provisions in these latter sections being exclusive.

No provision is made therein for a protest on behalf of a class except by the county attorney acting under direction of the board of county commissioners. No provision is made for appeal by individual taxpayers on behalf of a class. The instant protest purports to be made by the "farmers of Woods county" with C. H. Hyde as their designated representative. The protest was for a class of similarly situated taxpayers. Such a protest is unauthorized and furnishes no basis for appeal and review by this court.

The exclusive appeal provision not having been complied with, there is nothing before us for review and the appeal must be and is dismissed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and CORN, JJ., concur.